LUALEMAGA E. FAOA, Plaintiff

v.

SOSENE ASIFOA and LEFOTU TUILESU, Defendants

LUALEMAGA E. FAOA for LUALEMAGA FAMILY and
VILLAGE OF AASU, and TUITELE K.A. LE'OSO for
VILLAGE OF LEONE, Plaintiffs/Objectors

v.

AOLOAU VILLAGE COUNCIL, Defendant/Claimant

A.U. FUIMAONO and the VILLAGE OF AOLOAU, Plaintiffs

v.

TOLUAO FETALAIGA, Defendant

TUILEFANO VAELAA, TUIAGAMOA, TUIOLEMOTU, and
TUITASI for "AIGA AITULAGI," Intervenors

LT No. 29-86
LT No. 41-86
LT No. 12-87

High Court of American Samoa
Land & Titles Division

December 7, 1988

Before REES, Associate Justice.

Counsel: For Plaintiffs, Albert Mailo

For Defendants Sosene and Lefotu,
    Togiola T.A. Tulafono
For Defendants Fuimaono and Aoloau,
    Edwin Gurr
For Intervenors, Aviata Fa'alevao

On Motion for Summary Judgment:

Intervenors "Aiga Aitulagi" move for summary judgment in LT No. 12-87, the registration of land called Aoloaufou. They point out that the survey of Aoloaufou appears to have been made in 1972 but that the land was not offered for registration until 1986.

In Muagututia v. Savea, 4 A.S.R. 483 (1964), the Court construed the land registration statutes to be inconsistent with the filing of a survey for registration 17 years after the required notice that a survey would be undertaken. The basis for the Court's construction was presumably that the requirement of notice prior to a survey is intended to let competing claimants know that the survey will soon be offered for registration. A delay of seventeen years may therefore defeat the purpose of the notice requirement.

In this case the pulenu'u of the village of Aoloau has certified that in December of 1985 he gave public oral notice in a village meeting "of the time and place of intended survey in order other interested land owners might have an opportunity to be present thereat." The most straightforward reading of this statement is that at some time in December 1985 or shortly thereafter the survey originally done in 1972 was retraced so that interested land owners could see whether it encroached on their claims. If so, the case before us is quite different from Muagututia. If not --- if the survey was made in 1972 and was not retraced in the field pursuant to the announcement in December 1985 --- then the survey would appear inconsistent with the land registration statutes unless plaintiffs can prove that the required notice was given prior to the survey in 1972. See A.S.C.A. § 37.0102(c).

Assuming that the survey was made in 1972 and not retraced in 1985, and that the required notice was given in 1972, we are faced with a situation similar to that presented in the Muagututia case.

86

We believe the question whether a lapse of time between the required notice and the offer of registration prevented a party from receiving fair notice is a question of fact to be resolved on a case-by-case basis. The land registration statute itself contains no time limit. In Muagututia the Court appears to have gone on to consider the merits of the case (i.e., who really owned the land) despite its preliminary statement that seventeen years was too long to wait before offering the survey for registration. In the case now before us, the intervenors have in fact received notice of the registration. The real danger is that at some future time a claimant who did not receive notice will argue that the result in this case does not bind him. Since the registration of Aoloaufou has already been challenged by the principal chiefs or village councils of every surrounding village, all acting on behalf of their respective villages, this appears unlikely.[3]

The motion for summary judgment is therefore denied.

[3] Defendant also objects to the standing of the intervenors on the ground that "the rights of Aitulagi and A.U. Fuimaono and the Village Council of Aoloau over the land in question have already been decided in Tuilefano v. Government of American Samoa, 4 A.S.R. 594 [(1964)]." This appears to be an objection to the merits of intervenors' claim rather than to the issue presented by this motion. If defendant wishes to raise this issue before trial it should be raised by a separate motion for summary judgment.